## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ESTATE OF OMAR RILEY, <br> c/o STEVEN P. MUTERSBAUGH, <br> Administrator <br> 23 S. Main Street, Suite 301 <br> Akron, OH 44308 <br><br> ESTATE OF ANIYLA RILEY, <br> c/o STEVEN P. MUTERSBAUGH, <br> Administrator <br> 23 S. Main Street, Suite 301 <br> Akron, OH 44308 <br><br> ESTATE OF SHANICE RILEY, <br> c/o STEVEN P. MUTERSBAUGH, <br> Administrator <br> 23 S. Main Street, Suite 301 <br> Akron, OH 44308 <br><br> ESTATE OF SHIRLEY WALLIS <br> c/o STEVEN P. MUTERSBAUGH <br> Administrator <br> 23 S. Main Street, Suite 301 <br> Akron, OH 44308 <br><br>     Plaintiffs <br> v. <br><br> JONI L. LAIDIG <br> 1379 Hilbish Avenue <br> Akron, OH 44312 <br><br><br> LANDLORD CONNECTIONS, INC <br> c/o Statutory Agent <br> 1379 Hilbish Avenue <br> Akron, OH 44312 <br><br>     Defendants | CASE NO: <br><br> JUDGE: <br><br><br><br><br> **AMENDED COMPLAINT** |

Now comes Plaintiff, by and through counsel, and for his Complaint against Defendant Joni L. Laidig and Defendant Landlord Connections, Inc. states as follows:



## PARTIES

1.      Plaintiff Steven P. Mutersbaugh is the duly appointed representative and administrator of the Estates of Ohio residents Omar Riley, Shirley Wallis, Shanice Riley, and Aniyla Riley, all deceased. He brings this wrongful death and survivorship action as the personal representative of the Estate of Omar Riley, Shirley Wallis, Shanice Riley, and Aniyla Riley, and for the exclusive benefit of the Estates, and for the heirs and next of kin of the deceased pursuant to Ohio Revised Code § 2125.01 *et seq.*.

2.      Defendant Landlord Connections, Inc. is a corporation with one of its principal place(s) of business in the Northern District. Landlord Connections, Inc. screens potential tenants for landlord's premises, including verification of income sources, amounts and needs.

3.      Defendant Joni L. Laidig is an individual owning and responsible for maintaining multiple low income rental properties in Akron, OH, including the former residence located at 266 Tallmadge Ave, Akron, OH.

## JURISDICTION AND VENUE

4.      The subject matter jurisdiction of this Court is based upon federal questions pursuant to 28 U.S.C. §1331 (1998).

5.      Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 (2010).

6. Defendant Joni L. Laidig has significant contacts with Ohio and this county in particular by her ownership of 226 East Tallmadge Ave, Akron, Summit County, OH 44310, such that she is subject to personal jurisdiction within this jurisdiction.

7. Defendant Landlord Connections, Inc. has significant contacts with Ohio and Summit County as it is a corporation with one of its principal place(s) of business within the Northern District of Ohio.

8. Venue is proper in the Northern District of Ohio as the decedents were residents of Akron, Summit County, Ohio, and the fire which caused their deaths was in Akron, Summit County, Ohio.

## FACTUAL BACKGROUND

9. Defendant Joni L. Laidig is a residential landlord who owns and is responsible for maintaining multiple low income rental properties in Summit County, OH, including the former residence located at 266 Tallmadge Ave, Akron, OH.

10. Defendant Joni L. Laidig purchases foreclosed properties with cash through Summit County Sheriff's sales. Defendant Joni L. Laidig invests little to no money improving these properties or bringing them up to code. These properties are

3

then leased at an above market rate to financially vulnerable low income families receiving federal assistance with limited housing options.

11. Defendant Landlord Connections, Inc. is a corporation managed and partially owned by Defendant Joni L. Laidig. Landlord Connections, Inc. screens potential tenants for landlord's premises, including verification of income sources and amounts. Information obtained through Landlord Connections, Inc. allows Defendant Joni L. Laidig to target financially vulnerable low income families receiving federal assistance with limited housing options.

12. 266 East Tallmadge Ave. Akron, OH, was a rental property owned by Defendant Joni L. Laidig, and occupied by Omar Riley, Shirley Wallis, Aniyla Riley, and Shanice Riley.

13. Omar Riley, Shirley Wallis, Aniyla Riley, and Shanice Riley, were recipients of federal money which was applied to housing.

14. Defendant Landlord Connections, Inc. and Defendant Joni L. Laidig were aware that Omar Riley, Shirley Wallis, Aniyla Riley, and Shanice Riley, were using federal funds to pay for rent at 266 Tallmadge Ave, Akron, OH.

15. 266 East Tallmadge Ave. did not comply with federal housing quality standards, including, but not limited to the following violations: no smoke detectors were

4

installed in the house, there was no means of egress from the third floor of the property (which was a large bedroom), and lead paint which had not been remediated was present in the home, resulting in unsafe housing conditions which caused and/or contributed to the fatal injuries suffered by Omar Riley, Shirley Wallis Shanice Riley, and Aniyla Riley.

16. On December 3, 2016, a fire started in the kitchen on 266 East Tallmadge Ave. Akron, Ohio, and quickly spread and intensified due to the unsafe conditions in the house. Omar Riley, Shirley Wallis, Aniyla Riley, and Shanice Riley, as a result of the lack of smoke detectors and unsafe conditions in the home, were unable to escape and this fire and its toxic fumes, which caused their injuries and deaths.

17. Occupants of the property, Omar Riley, Shirley Wallis, Shanice Riley, and Aniyla Riley all perished in the smoke and fire.

## CAUSES OF ACTION
## COUNT I: NEGLIGENCE

18. Plaintiff incorporates by reference paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Defendant had a duty to the occupants of her rental properties, including occupants Omar Riley, Shirley Wallis, Shanice Riley, and Aniyla Riley, to provide working smoke detectors for the property, as required by law.

5

20. Defendant was negligent and grossly negligent in failing to equip the residence located at 266 East Tallmadge Ave, Akron, Summit County, Ohio, with smoke detectors, in violation of law.

21. As a direct and proximate result of Defendant's negligence and gross negligence, Plaintiff's decedents, occupants Omar Riley, Shirley Wallis, Shanice Riley, and Aniyla Riley, suffered severe injuries, burns and smoke inhalation sustained during the fire, resulting in their deaths.

## COUNT II:

## VIOLATIONS OF FEDERAL HOUSING STANDARDS, 24 CFR §982.401 et seq.

22. Plaintiff incorporates by reference paragraphs 1-22 of the Complaint as if fully set forth herein.

23. At all times relevant hereto, the occupants of 266 Tallmadge Ave. received assistance from the federal government which was applied towards the rent at 266 East Tallmadge Ave..

24. As landlord, Defendant Joni L. Laidig was responsible for maintaining 266 East Tallmadge Ave. according to the housing quality standards set forth in 24 CFR. §982.401 et seq.

6

25. Defendant Joni L. Laidig was aware that she was receiving money from federal housing assistance programs by virtue of the screening provided to her by Defendant Landlord Connections, Inc.

26. Defendant Joni. L. Laidig did not maintain 266 Tallmadge Ave. in manner consistent with federal law, as the home did not have smoke detectors, did not have alternate means of egress in case of fire, and had lead paint on many surfaces of the home.

27. Defendant's failure to maintain 266 East Tallmadge Ave in compliance with 24 CFR §982.401 et seq, resulted in severe injuries, burns and smoke inhalation, and deaths of Omar Riley, Shirley Wallis, Shanice Riley, and Aniyla Riley.

## COUNT III:

## NONCOMPLIANCE WITH FEDERAL LAW REGARDING LEAD PAINT AND TOXIC SUBSTANCES 42 USC §4851 et seq., 40 CFR §745.100 et seq. 15 USC §2682 et seq.

28. Plaintiff incorporates by reference paragraphs 1-27 of the Complaint as if fully set forth herein.

7

29. 266 East Tallmadge Ave. is "target housing" as defined in 42 USC 4851 et seq and contained a large amount of lead paint that had never been abated, reduced, or remediated, as required by 42 USC §4851 et seq., 40 CFR §745.100 et seq. and 15 USC §2682.

30. Defendant Joni L. Laidig, as owner and landlord of 266 East Tallmadge Ave., never disclosed the existence of the lead paint to her tenants, as required by 42 USC §4851 et seq., 40 CFR §745.100 et seq. and 15 USC §2682.

31. Lead paint releases toxic fumes when it is burned which caused and/or contributed to the fatal injuries suffered by Omar Riley, Shirley Wallis, Shanice Riley,and Aniyla Riley

.

## COUNT IV

## CIVIL RICO

## 18 USC §1962

32. Plaintiffs incorporate by reference paragraphs 1-31 of the Complaint as if fully set forth herein.

33. Defendant Joni L. Laidig and Defendant Landlord Connections, Inc., are persons as defined under 18 USC §1961.

8

34. Defendant Joni L. Laidig and Defendant Landlord Connections, Inc. constitute an enterprise within the meaning of 18 USC §1961, for the purpose of collecting rents from recipients of federal aid, without complying with federal housing regulations.

35. Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs, by accepting federal money for housing without complying with federal housing regulations.

36. At all material times, the enterprise affected interstate commerce in that it used the U.S. Mails and interstate wires to conduct its business.

37. The acts [list individually] set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

38. As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in that they paid above market rent for dangerous, substandard housing which did not comply with federal housing standards, and which ultimately caused them severe injury and death.

39. Defendant Joni Laidig's non-compliance with federal law has caused human injury to tenants of the properties, depressed property values, and blight.

9

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $30,000,000.00, triple damages, punitive damages, costs, attorney fees, applicable interest, and any other relief, monetary or equitable, to which it is entitled, in an amount to be determined by a jury.

Respectfully submitted

s/ Stanley P. Aronson
Stanley P. Aronson – 0024836
Attorney for Plaintiffs
3085 W. Market St., Ste. 130
Akron, OH 44333
Tele: 330-836-5500/Fax: 330-836-1085
Email: Aronsonlaw@gmail.com